IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN LYNN GAMBLE, ID # 590905, )<br>Petitioner, )<br>vs. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>Respondent. ) | No. 3:08-CV-1368-N (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND[1]

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed an unspecified document that the Court has construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 to challenge the forfeiture of time credits related to his release on parole and subsequent return to prison. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Statement of the Case**

In Cause No. F-90-54364 in Dallas County, petitioner was found guilty of a drug offense and was sentenced to fifty years imprisonment. He unsuccessfully appealed that conviction in 1992. In

---

[1] The background information comes from information petitioner has provided in his filings in this action or a reasonable construction of such filings.

June 2002, he was released on parole, and when he returned to prison in January 2005, he was informed that he had lost previously earned good conduct time credits. At some unspecified time, petitioner also lost good-time credits through prison disciplinary proceedings. He has not appealed the discipline through the prison grievance procedure. Furthermore, although he has filed no state application for writ of habeas corpus related to his lost time credits, he filed a state habeas application on June 21, 2008, to challenge his conviction, and it remains pending.

On August 7, 2008, the Court received petitioner's challenge to the forfeiture of time credits caused by his release on parole. On August 18, 2008, the Court received an amended § 2254 petition which appears to also challenge a disciplinary forfeiture of good-conduct credits. He therein states that the petition contains grounds for relief that have not been presented to any other court. Although he does not specifically identify the previously unraised claims, he explains that he has not previously raised them because he "felt it was hopeless and as the state disciplinary appeals are not fair and balanced [he] felt nothing else would or could be done."

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief, unless "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, claims regarding the forfeiture of time credits due to release on parole must be presented to

the Court of Criminal Appeals through a state application for writ of habeas corpus. *See Whitehead v. Johnson*, 157 F.3d 384, 386-87 (5th Cir. 1998).

Furthermore, as of January 1, 2000, Texas inmates must generally pursue sentence credit issues through a dispute-resolution process within the prison system before seeking relief through the state habeas process. *See* Tex. Gov't Code § 501.0081 (Vernon 2004). A Texas inmate is exempt from this process only when the inmate "is within 180 days" of release. *See id.* After completion of the dispute-resolution process or upon being exempted from such completion, the inmate must also pursue relief through the state habeas process to fully exhaust his state remedies. *Id.*; *Ex parte Shepherd*, 65 S.W.3d 673, 674-75 (Tex. Crim. App. 2002) (Cochran, J., concurring). This dispute-resolution process applies to challenges regarding forfeiture of good-time credits upon return to prison after a release on parole. *See Caughron v. Dretke*, No. H-05-3815, 2006 WL 2168148, at *1 n.1 (S.D. Tex. July 28, 2006).

The exhaustion requirement of § 2254 also applies to challenges to disciplinary proceedings. *Anthony v. Johnson*, 177 F.3d 978, 978 (5th Cir. 1999) (per curiam). To satisfy the exhaustion requirement when challenging a prison disciplinary hearing, a petitioner need only exhaust the prison grievance procedures. *Id.* (citing *Gartrell v. Gaylor*, 981 F.2d 254, 258 n.3 (5th Cir. 1993)).

The exhaustion requirement codified in 28 U.S.C. § 2254 "serves to minimize friction between our federal and state systems of justice by allowing the State [or prison] an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The requirement, however, is not absolute. *See* 28 U.S.C. § 2254(b) (setting forth two scenarios that excuse a failure to exhaust and explicitly providing that the federal courts may deny a petition for writ of habeas corpus on the merits despite a failure to exhaust). Exhaustion

is not required, "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3. "[E]xhaustion is not necessary where resort to state remedies would be futile, because the necessary delay before entrance to a federal forum which would be required is not justified where the state court's attitude towards a petitioner's claims is a foregone conclusion." *Dilworth v. Johnson*, 215 F.3d 497, 501 n.3 (5th Cir. 2000) (quoting *Carter v. Estelle*, 677 F.2d 427, 446 (5th Cir. 1982)). "[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances'" and petitioner has the burden to demonstrate the futility of pursuing available remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (quoting *DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir. 1992)).

In this case, petitioner provides nothing to show that he has pursued the § 501.0081 dispute-resolution process. Furthermore, although he indicates that a state application to challenge his conviction remains pending in state court, he provides nothing to show that he has pursued his time credit issue through the state habeas process. Moreover, even if the pending state habeas application relates to claims raised in the instant action, the Texas Court of Criminal Appeals has not had an adequate opportunity to address the claims raised therein. Additionally, petitioner has clearly not exhausted the prison grievance procedure with respect to his challenged disciplinary action. In short, petitioner provides nothing to show that he has exhausted his claims through available prison or state channels.

Despite his feelings of hopelessness and unfairness, petitioner provides no adequate excuse for his failures to exhaust his claims. Not only does it appear that he bypassed available state and prison remedies, but petitioner presents nothing to indicate that it would be futile to pursue such remedies. He has not carried his burden to show that an exception to the exhaustion requirement

applies. The Court should find no exception to the exhaustion requirement applicable to this case and further find that petitioner has not exhausted available remedies.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). In this instance, a ruling from this Court before the Court of Criminal Appeals has had an adequate opportunity to review the time-credit claims raised herein would preempt the state court from performing its proper function. *See id.* at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Likewise, a ruling on petitioner's challenge to the disciplinary proceedings would preempt the prison from performing its proper function related to such proceedings. For all of these reasons, petitioner is not entitled to habeas corpus relief for failure to exhaust available state and administrative remedies, and the Court should dismiss this action.

### III. EVIDENTIARY HEARING

Upon review of the pleadings filed herein, an evidentiary hearing appears unnecessary.

### IV. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust available state and administrative remedies.

**SIGNED** this 4th day of September, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE